## UNITED STATES v. DEMOS (two cases).

### (District Court, S. D. Florida. July 10, 1923.)

### Nos. 1220, 1221.

1. **Perjury** ⬗12—**Affidavit to tax return, in which computation from correct items was wrong, is not perjury.**

   Even if the form of an affidavit to a tax return is sufficient to sustain a charge of perjury if the affidavit was false, an affidavit to a return which contained a correct statement of the items listed for taxation, but made an erroneous calculation of the tax based on those items, does not support a charge of perjury.

2. **Internal revenue** ⬗47—**Indictment for false and fraudulent return insufficient, if it shows merely error.**

   An indictment for attempting to defeat and evade a tax by furnishing a false and fraudulent return must state wherein the return was false and fraudulent, and is insufficient if it shows that the items listed in the return were correct but that the tax was erroneously computed therefrom.

James Demos was separately indicted for attempting to defeat and evade a tax, and for perjury in subscribing to the oath on a tax return. On demurrers to, and motions to quash, the indictments. Demurrers sustained, and motions granted.

W. M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla.

H. L. Anderson, of Jacksonville, Fla., for defendant.

CALL, District Judge. These cases were heard together upon demurrer to and motions to quash the indictments.

No. 1220 purports to charge the defendant with willfully attempting to defeat and evade the tax imposed upon him by the act of Congress, in that he furnished the collector of internal revenue a false and fraudulent return in writing showing the amount of taxes due at $1,084.79, whereas it should have been $5,851.12.

No. 1221 purports to charge perjury committed in subscribing to the oath to the same tax return, in that the amount therein shown to be due was $1,084.79, when it should have been $5,851.12. A photostatic copy is made a part of the indictment. The oath subscribed, as shown by this paper, is as follows:

"I swear (or affirm) that this return, including the accompanying schedules and statements (if any), has been examined by me and to the best of my knowledge and belief is a true and complete return in good faith for the taxable period as stated."

The charge of perjury is predicated on the amount of the tax due, computed according to the table on the return. Passing over the form of the oath, and admitting for the purpose of this discussion that the

---

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

indictment sufficiently alleges the substance of the oath, the only charge of perjury is that the amount of the tax is not correct; that it is less than it should have been on the items contained in the return. No one of these items is questioned, nor is it alleged that either item is false or fraudulent. To my mind the wording of the indictment conveys the meaning that, because the return contains the computation of the amount due, based upon the items of income, and this amount is too little, the items being admittedly correct, therefore perjury has been committed.

[1] As I understand the law, perjury cannot be predicated upon such allegations. It seems to me that the indictment must point out some material fact sworn to, which is false within the knowledge of the defendant, or some fact affirmed by the defendant, which he does not believe to be true. For this reason I do not think the indictment charges an offense. The demurrer will therefore be sustained, and the motion to quash granted.

[2] What I have said above applies equally to the indictment in case No. 1220, and in addition it is very questionable whether Congress intended by the Act of February, 1919, to cover the making of a false and fraudulent return, which act was already punished by a prior act. But, be that as it may, an indictment to allege either offense must contain charges showing the false and fraudulent character of the return, or statement in writing, other than a mere charge that the return or statement was "false and fraudulent." It is not enough to say that it is false and fraudulent. It must be stated wherein it is false and fraudulent. This is necessary, both to put the defendant on notice of what he is charged and also to protect him from a subsequent prosecution for the same offense. This the indictment does not do, by simply alleging that the amount of tax computed is too little.

The demurrer to the indictment in this case (No. 1220) will also be sustained, and the motion to quash granted.